ARTHUR E. FOLGER

*v.*

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

MILITARY SERVICE—*when award will be made for injuries received in.* A member of the Illinois Naval Reserve, who is injured in the service of the State under orders from the Commander-in-Chief, is entitled to an award in the Court of Claims.

Page & Page, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State.

The claimant in this case was a young man at the time of the accident, and was regularly enlisted in the Illinois Naval Reserve, a part of the organized military force of the State, and was under the rules and regulations covering military bodies. He was required to render obedience to all orders of his superior officers, and a part of the Naval Reserve consisted in taking cruises in small steam boats, called steam launches, to put to practical test instructions given on land.

On July 3 and 4, 1912, he was ordered by the Captain of the Fifth Division of the Illinois Naval Reserve, which he was enlisted with as a machinist, to go on one of the steam launches owned by the State, and in the capacity of a machinist, was in charge of the engine on the steam launch, while the same was in Lake Michigan near the United States Training Station bound for Chicago. There was considerable sea running on Lake Michigan, which caused the steam launch to rock and roll with considerable violence. He was required to work in close proximity to the crank shaft of the engine, and it was a part of his duties to oil certain parts of the engine. While he was so engaged, and using due care for his own safety, the launch gave an unusually heavy roll and lunge, causing his right foot to slip and be projected under the revolving crank

shaft, and as a result of which, his foot was injured to the extent that it became necessary to amputate his great toe.

At the time of his injury, he was earning $18.00 per week; he was prevented from following his business from July 4, 1912, to September 16, 1912, and was obliged to lay out the sum of $135.00 for doctor bills.

The State admits all the facts alleged in claimant's declaration, and admits that claimant under the law of the State of Illinois, as cited in the brief, is entitled to a recovery, but contends that claimant should not be awarded a large amount or the amount he claims, to-wit: three thousand dollars ($3,000.00).

Considering the injury and the amount of expense incurred by reason thereof, and the manner in which the same was sustained, we are of the opinion that claimant is entitled to an award. An award is therefore made to claimant in the sum of seven hundred dollars ($700.00).